[For other cases involving patent No. 114,711, see cases Nos. 16,788, 16,789, and also 4 Fed. 813, 816.]

UNITED STATES & FOREIGN SALA-MANDER FELTING CO. (ASBESTOS FELTING CO. v.). See Case No. 570.

## Case No. 16,788.

### UNITED STATES & FOREIGN SALA-MANDER FELTING CO. et al. v. HAVEN.

[3 Dill. 131; 2 Ban. & A. 164; 1 Law & Eq. Rep. 16; 9 O. G. 253; 2 Cent. Law J. 758; 23 Pittsb. Leg. J. 58.] [1]

Circuit Court, E. D. Missouri. Oct., 1875.

PATENTS FOR INVENTIONS—REISSUES — ENLARGE-MENT OF ORIGINAL CLAIM—NEW MATTER—NEW APPLICATION OF PREVIOUSLY INVENTED COMPOSI-TION.

1. A composition having been described in a prior patent, one who applies it to a new use can not claim the composition as his invention.

2. The court can not take notice of what was not set up in the answer against plaintiff's patent.

3. The legal rule is that, prima facie, a reissue is for the same invention as that originally patented.

4. Section 4916 of the Revised Statutes of the United States prohibits in a reissue, not only the introduction of new matter, but also the enlargement of the original claim, growing out

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission. 1 Law & Eq. Rep. 16, contains only a partial report.]

of the subsequent advancement of the art. This rule controls both the patent office and the courts.

5. Every patent as to novelty or utility, depends on the state of the art at the time of the claim made or patent issued.

6. By new matter is not meant merely the introduction of a new ingredient in a patented composition, but any change in the original specification and claim whereby a new and substantially different composition and results are secured.

7. Johns' reissue No. 5,951, June 30th, 1874, division D, held to contain new matter and therefore void.

This was a suit in equity under the 3d and 4th claims of reissue No. 4,134, Sept. 27th, 1870, originally granted Bissell, Riley & Frazer, Oct. 5, 1869, for "improved composition for covering steam boilers," and under 2d and 3d claims of patent No. 114,711, granted Riley, assignor, 9th May, 1871, for the same subject-matter. Defendant made and sold two compositions, one composed of asbestos, lime putty, and kaolin, the asbestos being purified under Rosenthal's patents, 1872, and one under patent No. 149,689, April 14th, 1874, granted D. U. Snyder, who was [Nathaniel A.] Havens's principal, and defended the suit. The "file and contents" of Johns' reissue, No. 5,951, Div. D., put in evidence, show it was at first rejected as containing "new matter," whereupon Johns filed several affidavits under section 4916, Rev. St., which provides that "when there is neither model nor drawing, amendments may be made upon proof satisfactory to the commissioner that such new matter or amendment was a part of the original specification," etc., and the reissue was accordingly allowed.

Saml. S. Boyd, for complainants.
Geo. B. Kellogg and H. T. Fenton, for respondents.

TREAT, District Judge. This is a case in equity for an alleged infringement of several patents of which the Salamander Company is assignee. The reissued patent, No. 4,134, dated Sept. 27th, 1870, is reissue of Oct. 5th, 1869, for a composition or cement composed of lime and putty combined as described, with paper pulp or other suitable fibrous nonconducting material, and with the other ingredients named, or their equivalents, etc., and claims the employment of lime putty, when combined with paper pulp or any other suitable fibrous non-conducting substance, as a material for preventing radiation from heated surfaces, or as an ingredient in any composition used for such purposes.

It is alleged that this patent was anticipated by French's patents, Sept. 14th, 1869, which were for the same purposes, as the foregoing; patent "A" (94,882) was for a composition of crushed asbestos mixed with an alkaline silicate, and "B" (94,883) an improvement on "A" by adding to the mixture a vegetable substance, as "saw-dust and oth-

er woody matter, to make a lighter and cheaper coating."

The reissue of Johns, No. 5,951 (Div. D), dated June 30, 1874, of original patent, dated April 14, 1868, is of crushed asbestos and lime mixed with water to be applied. The defence. is mainly for want of novelty—that the inventions claimed by plaintiffs were anticipated, etc.

Whatever there is in plaintiffs' patents for which defendant is to be held as an infringer, consists in lime putty mixed with non-conducting fibrous material. The subsequent patents on which they rest are for lime putty and crushed asbestos.

It seems from the evidence that plaintiffs are assignees of the French patent, also, but it is not set up in the bill, though mentioned in the amended answer as anticipating the Bissell & Riley, and. also the Riley patents. While some of the Johns patents are set out, the reissue above is not mentioned in the answer.

It seems, from a cursory examination of the case, that if the Johns reissue (not mentioned in the answer, No. 5,951, of June 30, 1874), relates back to April 14, 1868, the plaintiff's patents as to asbestos and lime putty were anticipated. So if plaintiff claims all non-conducting fibrous substances mixed with lime putty, the claim is too broad.

If each reissue relates to the date of the original patent, then the Johns patent anticipated those held by plaintiff. and although Johns did not specifically state the use for non-radiation, etc., the plaintiffs can not, because of the new use to which they apply the composition, claim that they were the first and original inventors of the composition. The court, however, can not take notice of what was not set up against plaintiff's patent.

When this case was before the court previously, it was suggested that if the reissued Johns patent was valid. plaintiff's patents had been anticipated; and the attention of counsel was also called to the fact that the reissues to Johns had not been set up. By agreement of counsel those reissues are now before the court, as if made before his suit was brought, and as if fully set up in the defence.

The only additional point, therefore, is as to the validity of the Johns reissue in question, which is for precisely the same compound as that claimed and used by plaintiff. The legal rule is that prima facie a reissue is for the same invention as that originally patented.

Section 4916 of the United States Revised Statutes, copied from the act of 1870 [16 Stat. 198], prescribes for what, and under what circumstances a reissue may be had.

The repeated decisions by the courts, and especially by the United States supreme court, in the 1st, 17th, and 19th Wallace, indicate with sufficient distinctness, that not only no new matter shall be introduced, but that an enlargement of the original claim, growing out of the subsequent advance of the art, is not to be tolerated. The reason of the rule is obvious. Every patent as to novelty or utility depends on the state of the art at the time of the claim made or patent issued, and, therefore. if a party, after learning from a subsequent advance of the art, the worthlessness of his original invention, is to be permitted to claim a reissue incorporating what was not originally in his mind, and what had been afterwards suggested to him only by advances in the art made by others, then he could, it may be, even without any new invention, override all the elements which would serve to test the validity of the new application. In other words, having procured a worthless patent, and having subsequently learned from the advancing art how, by changing the terms of his patent, it could be made of value, he would. if a reissue, including the new matter, were permitted, have the reissue not only relate back to the date of the original patent, but absorb within its privileges all subsequent matters, wholly unknown to, and unthought of by him, originally.

This rule controls both the patent office and the courts. New matter must not be introduced. By new matter is not meant merely the introduction of a new ingredient in a patented composition, but any change in the original specification and claim whereby a new and substantially different composition and results are secured.

Such is the reissue in question. It is not only for a composition essentially different, but for one not within the purpose for which the original invention was designed. The plaintiff is entitled to a decree. Decree for plaintiff.

[Subsequently the following decree was entered of record:

[This cause coming on to be heard upon the pleadings, exhibits, and proofs herein, was argued by counsel, and thereupon, upon consideration thereof, the court doth order, adjudge, and decree that the said several letters patent mentioned and described in the bill of complaint herein are good and valid in law; that the plaintiffs are entitled to the exclusive use and rights under the same; that the said defendant, by the use, manufacture, and sale of the patented improvement described in said letters patent, has infringed upon the exclusive rights of the plaintiffs under the same. It is further ordered, adjudged, and decreed that the said defendant, his agents, clerks. servants, and workmen, and all and every of them, be, and they are hereby, enjoined and restrained from making, selling, using, or in any manner whatsoever disposing of any composition for covering steam-boilers, and for other purposes, embracing the patents or improvements of plaintiffs in their said bill of com-

plaint set forth. It is further ordered, adjudged, and decreed that the defendant pay the costs herein to be taxed, and that execution issue therefor.] [2]

[For other cases involving reissue patent No. 4,134 (original 95,517), see Case No. 16,789.

[For other cases involving patent No. 114,711, see Cases Nos. 16,787a and 16,789, and also 4 Fed. 813, 816.]